# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-24238-HRT |
| SVS HOLDINGS, INC. ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| TOM H. CONNOLLY, CHAPTER 7 ) | Adversary Proceeding No. 12-01757-HRT |
| TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DOMINION VOTING SYSTEMS ) | |
| CORPORATION; DOMINION VOTING ) | |
| SYSTEMS, INC. ) | |
| ) | |
| Defendant. ) | |

## MOTION BY DOMINION VOTING SYSTEMS CORPORATION AND DOMINION VOTING SYSTEMS, INC., TO WITHDRAW THE REFERENCE

Dominion Voting Systems Corporation and Dominion Voting Systems, Inc. (collectively, "Dominion"), the Defendants in the above-captioned adversary proceeding, respectfully move the Court for an Order withdrawing the automatic reference, under D. C. Colo. L. Civ. R. 84.1(A), to this Court, of this action as set forth in the Complaint filed by Tom H. Connolly, as Chapter 7 Trustee (the "SVS Trustee") for the Debtor, SVS Holdings, Inc.

The grounds for Dominion's Motion are set forth in the Memorandum of Law in Support of Motion by Dominion Voting Systems Corporation and Dominion Voting Systems, Inc., to Withdraw the Reference (the "Memorandum"), filed simultaneously herewith, which Memorandum is hereby incorporated by reference into this Motion. As required by L.B.R. 5011-1(a), the portions of the record in this case and the Debtor's bankruptcy case that are necessary for consideration of this Motion are attached as exhibits to the Memorandum.

In summary, the reference of this adversary proceeding should be withdrawn from the Bankruptcy Court for three reasons. First, the automatic reference of this adversary proceeding to the Bankruptcy Court is constitutionally impermissible, based upon the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011). Second, withdrawal of the reference is mandatory under 28 U.S.C. § 157(d), because the Bankruptcy Court cannot determine the SVS Trustee's claims against Dominion without substantial consideration and interpretation of issues of federal non-bankruptcy law. Third, the District Court should exercise its discretion to

withdraw the reference of this adversary proceeding "for cause shown" under 28 U.S.C. § 157(d), for reasons including, without limitation, Dominion's demand for, and incontrovertible right to, a jury trial of the SVS Trustee's claims.

WHEREFORE, based upon the legal and factual arguments set forth in the Memorandum, Dominion respectfully requests that the Court enter an order withdrawing the reference of this action to the Bankruptcy Court.

Dated this 27th day of December, 2012.

        BRYAN CAVE HRO

        */s/ Eric E. Johnson*
        Eric E. Johnson
        1700 Lincoln Street, Suite 4100
        Denver, Colorado 80203-4541
        Telephone: (303) 861-7000
        Facsimile: (303) 866-0200
        E-Mail: eric.johnson@bryancave.com

        - and -

        WILMER, CUTLER, PICKERING, HALE AND DORR LLP
        Richard Johnston
        60 State Street
        Boston, MA 02109
        Tel: 617-526-6282
        Email: Richard.Johnston@wilmerhale.com

        Attorneys for DOMINION VOTING SYSTEMS INC. and DOMINION VOTING SYSTEMS CORPORATION

CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on this 27th day of December, 2012, a true and correct copy of the foregoing **MOTION BY DOMINION VOTING SYSTEMS CORPORATION AND DOMINION VOTING SYSTEMS, INC., TO WITHDRAW THE REFERENCE** was filed using the CM/ECF and served by U.S. mail, postage prepaid, as follows:

Brent R. Cohen
Chad S. Caby
Kristin M. Bronson
Rothgerber Johnson & Lyons LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO  80202-5885

United States Trustee
999 18th Street
Suite 1551
Denver, CO 80202-2415

Kevin S. Nieman
1660 Lincoln Street, Suite 1900
Denver, CO  80264

SVS Holdings, Inc.
PO Box 815
Broomfield, CO 80038

           */s/ Alicia Berry*
           Alicia Berry