**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00169-REB
(Bankruptcy Case No. 10-24238 HRT (Chapter 7),
Adversary Proceeding No. 12-01757 HRT)

In re:

SVS HOLDINGS, INC.,
    Debtor.

---

TOM H. CONNOLLY, CHAPTER 7 TRUSTEE,

    Plaintiff,

v.

DOMINION VOTING SYSTEMS CORPORATION and
DOMINION VOTING SYSTEMS, INC.,

    Defendants.

---

**ORDER**

---

**Blackburn, J.**

This matter is before me on the **Motion by Dominion Voting Systems Corporation and Dominion Voting Systems, Inc., to Withdraw the Reference** [#2][1] filed January 23, 2013. Initially, the plaintiff opposed the relief sought in the motion. However, on February 7, 2013, the plaintiff filed a response [#12], indicating he does not oppose the relief sought in the motion. I grant the motion.

This case concerns claims asserted by the Chapter 7 Trustee against the

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

defendants, Dominion Voting Systems Corporation and Dominion Voting Systems, Inc. The defendants ask that I withdraw the General Order of Reference to the United States Bankruptcy Court for the District of Colorado and allow the plaintiff's claims to proceed in the United States District Court for the District of Colorado.  Notably, in their answer to the complaint, the defendants demand trial to a jury.  The bankruptcy court may conduct a jury trial only when certain specific prerequisites have been satisfied.  28 U.S.C. § 157(e).  Those prerequisites are not satisfied in this case.

Under 28 U.S.C. § 157(d), a district court may withdraw its reference of a case to the bankruptcy court for cause shown.  The defendants have demanded and are entitled to a trial by jury on the plaintiff's claims.  The bankruptcy court is not authorized to conduct a jury trial on these claims.  That constitutes good cause to withdraw the reference of these claim to the bankruptcy court.  However, this does not preclude me from referring pretrial matters to the  Bankruptcy Court.  *In re M&L Bus. Mach. Co.,* 159 B.R. 932, 935 (D. Colo. 1993).  I conclude that the bankruptcy court is in the best position efficiently to manage pretrial matters in this case.

**THEREFORE IT IS ORDERED** as follows:

1. That the **Motion by Dominion Voting Systems Corporation and Dominion Voting Systems, Inc., to Withdraw the Reference** [#2] filed January 23, 2013, is **GRANTED**;

2. That the General Order of Reference **IS WITHDRAWN** as to this case;

3. That under 28 U.S.C. § 157, this matter **IS REFERRED** again to the bankruptcy court for consideration and resolution of all pretrial issues, including, *inter alia*, scheduling, discovery, non-dispositive motions, dispositive motions, and entry of a final pretrial order;

4.  That on **June 20, 2013, at 9:30 a.m.**, the parties shall contact Ms. Susan Schmitz, the court's administrative assistant, by telephone at 303-335-2350 to set this matter for trial preparation conference and jury trial; and

5.  That trial on the merits of the plaintiff's claims **SHALL PROCEED** in the United States District Court for the District of Colorado under Civil Action No. 13-cv-00169-REB.

Dated June 11, 2013, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge