**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00169-REB
(Bankruptcy Case No. 10-24238-HRT (Chapter 7))
Adversary Proceeding No. 12-01757-HRT

In re: SVS HOLDINGS, INC.

    Debtor.

---

TOM H. CONNOLLY, Chapter 7 Trustee,

    Plaintiff,

v.

SEQUOIA VOTING SYSTEMS, INC.,
DOMINION VOTING SYSTEMS CORPORATION and
DOMINION VOTING SYSTEMS, INC.,

    Defendants.

---

# ORDER

**Blackburn, J.**

This matter is before me on the **Joint Motion for Clarification of the Bankruptcy Court's Authority to Enter an Order Confirming a Proposed Chapter 11 Plan Which Includes Substantive Consolidation of the Bankruptcy Estates of Svs and Sequoia** [#23][1] filed October 3, 2014.  The parties filed briefs [#26, #27, #28, #29] addressing the issues raised in the joint motion.  The Chapter 7 Trustee filed a notice of supplemental authority [#30] on June 19, 2015.  I grant the motion on the terms stated in this order.

---

[1] "[#23]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The complaint [#3-1] that is the foundation of this adversary proceeding was filed by the Chapter 7 Trustee on behalf of the Chapter 7 bankruptcy estate of debtor SVS Holdings, Inc.  In the complaint the trustee alleges that the management of defendant Sequoia Voting Systems, Inc. created the debtor corporation, SVS Holdings, Inc., for the purpose of acquiring the equity interests in Sequoia from Smartmatic Corporation.  The trustee alleges that SVS acquired all of the issued and outstanding stock of Sequoia, that SVS is the sole shareholder of Sequoia, and that SVS was created, owned, controlled, and completely dominated by the management of Sequoia.  *Complaint* [#3-1], p. 3.  The trustee alleges that SVS and Sequoia are alter-egos of each other.

In the complaint the trustee asserts claims against Sequoia[2] as well as Dominion Voting Systems Corporation and Dominion Voting Systems, Inc.  The trustee asserts a claim for substantive consolidation of the debtor, SVS, and Sequoia.

In addition, the trustee asserts claims seeking to avoid transfers in 2009 and 2011 among Sequoia and the two Dominion defendants, Dominion Voting Systems Corporation and Dominion Voting Systems, Inc. (Dominion).  These claims allege fraudulent transfers under sections 544 and 548 of the United States Bankruptcy Code and under state uniform fraudulent transfer acts.

Dominion demands a jury trial, and, based on that demand, I entered an order [#14] withdrawing the reference of this adversary proceeding to the bankruptcy court and referring this case to the bankruptcy court for resolution of pretrial issues.

In 2014, Sequoia filed a bankruptcy petition under Chapter 11 of the bankruptcy

---

[2] Sequoia was not named as a defendant in the initial complaint [#3-1].  The trustee filed an amended complaint on December 4, 2013, but the amended complaint has not been docketed in this court under the above-captioned case number.  In the amended complaint, Sequoia is named as a defendant along with the two Dominion entities.

2

code. Pending in the bankruptcy court is a proposed plan of reorganization which would involve the substantive consolidation of SVS and Sequoia. Under 11 U.S.C. § 157(b)(2)(L), confirmation of a plan of reorganization is a core proceeding within the jurisdiction of the bankruptcy code. Under § 1123(a)(5)(C) of the code, a plan of reorganization may include merger or consolidation of the debtor with one or more persons. To this point, the parties are in agreement.

The key question at issue now is how an order of the bankruptcy court approving a plan of reorganization which includes substantive consolidation of SVS and Sequoia would affect issues in this adversary proceeding. From the perspective of Dominion, any such order by the bankruptcy court must be viewed in this adversary proceeding as a report and recommendation of the bankruptcy court on the issue of substantive consolidation rather than a binding order which resolves the issue of substantive consolidation. In this adversary proceeding, substantive consolidation would affect two issues important to Dominion: (1) whether the trustee can prove transfer of the property of the debtor, SVS, in the 2009 and 2011 transactions; and (2) whether the defenses of Dominion invoking statute of limitations are righteous.

For many of the claims at issue in this case, the trustee must show a transfer of property of the debtor. Dominion contends a determination of this issue in this adversary proceeding must be made by a jury because Dominion is entitled to a jury trial on the claims of fraudulent transfer asserted against Dominion. The trustee does not dispute that Dominion is entitled to a jury trial in this adversary proceeding on the claims of fraudulent transfer. Dominion contends no assets of SVS were involved in the 2009 and 2011 transfers. If so, Dominion contends, the trustee does not have valid claims for fraudulent transfer of property of the debtor, SVS. If a substantive consolidation of SVS and Sequoia

3

by the bankruptcy court is binding in this adversary proceeding, then property of SVS likely will be considered to be property of Sequoia and vice versa. If substantive consolidation by the bankruptcy court creates this result, Dominion contends, then Dominion will be deprived of its right to a jury determination on the question of whether the transfers at issue were transfers of the property of SVS, the debtor, rather than property of Sequoia.

Dominion notes also that the substantive consolidation proposed in the bankruptcy court would be *nunc pro tunc* to 2010, making the 2014 bankruptcy filing of Sequoia retroactive to the 2010 bankruptcy filing of SVS. Such a consolidation would affect the defenses of Dominion based upon statutes of limitations. On this issue as well, Dominion asserts that it is entitled to a jury determination independent of a substantive consolidation by the bankruptcy court.

A claim for substantive consolidation of SVS and Sequoia is pending also in this adversary proceeding. Dominion notes that it has not been permitted to contest substantive consolidation in the bankruptcy court. The trustee dropped Dominion as a party to the substantive consolidation claim in this adversary proceeding, and Sequoia has confessed that claim. In this adversary proceeding Dominion seeks to preserve a right to contest substantive consolidation.

Substantive consolidation is an equitable issue for the court, not a leagal issue for a jury. That equitable determination may have a substantial effect on the defenses of Dominion, which involve jury issues to some extent, but that fact does not mean Dominion is entitled to a jury determination of the equitable issue of substantive consolidation. If this Article III court makes a substantive consolidation determination independent of the substantive consolidation determination of the bankruptcy court, the issue of substantive consolidation always will be an equitable issue and not a jury issue.

Nothing in the record of this case indicates that the bankruptcy court has entered an order which directs substantive consolidation of the estates of SVS and Sequoia.  Without question, the bankruptcy court has the authority and jurisdiction to confirm a plan of reorganization and to include in a plan the merger or consolidation of the debtor.  11 U.S.C. § 157(b)(2)(L), § 1123(a)(5)(C).  Under D.C.COLO.LCivR 84.1(b), this court may treat a final order or judgment of the bankruptcy court as proposed findings of fact and conclusions of law if this court concludes the bankruptcy court could not have entered a final order of judgment consistent with Article III of the Constitution of the United States.

Substantive consolidation would have a substantial effect on the defenses of Dominion in this adversary proceeding.  Dominion has not had an opportunity to contest the issue of substantive consolidation in the bankruptcy court.  Due process requires that Dominion have an opportunity to contest the issue of substantive consolidation solely as it applies to this adversary proceeding.  Therefore, if the bankruptcy court confirms a plan of reorganization which includes substantive consolidation of SVS and Sequoia, I will treat such an order as proposed findings of fact and conclusions of law with regard to the issue of substantive consolidation in this adversary proceeding.   If the bankruptcy court confirms a plan of reorganization which includes substantive consolidation of SVS and Sequoia, the deadline for filing objections to that order, as specified in D.C.COLO.LCivR 84.1(e), shall run from the date the order of confirmation is filed in this adversary proceeding.  The opportunity to file objections will provide to Dominion an opportunity to contest the issue of substantive consolidation as applied in this adversary proceeding.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Joint Motion for Clarification of the Bankruptcy Court's Authority to Enter an Order Confirming a Proposed Chapter 11 Plan Which Includes**

**Substantive Consolidation of the Bankruptcy Estates of Svs and Sequoia** [#23] filed October 3, 2014, is granted on the terms stated in this order;

    2. That the parties to this adversary proceeding and this court recognize the authority and jurisdiction of the bankruptcy court to confirm a plan of reorganization and to include the merger or consolidation of the debtor in that plan of reorganization;

    3. That if the bankruptcy court confirms a plan of reorganization which includes substantive consolidation of SVS and Sequoia, this court will treat such an order as proposed findings of fact and conclusions of law with regard to the issue of substantive consolidation in this adversary proceeding; and

    4. That if the bankruptcy court confirms a plan of reorganization which includes substantive consolidation of SVS and Sequoia, the deadline for filing objections to that order for purposes of this adversary proceeding, as specified in D.C.COLO.LCivR 84.1(e), shall run from the date the order of confirmation is filed in this adversary proceeding.

    Dated September 23, 2015, at Denver, Colorado.

                                        **BY THE COURT:**

                                        Robert E. Blackburn
                                        United States District Judge